JAMES PARKER v. THE SUSSEX BANK.

An affidavit taken without notice to the adverse party cannot be read in support of a motion to change the venue.

*Wall* moved to change the venue in this case from Middlesex to Sussex, and in support of his motion offered to read an affidavit of one of the directors of the Bank.

Parker *v.* Sussex Bank.

*Wood*, for the plaintiff, objected to the reading of the affidavit, because it had been taken *ex parte*, without any notice having been given to the adverse party of the time and place of taking it.

*Wall* replied. that, he was not aware it was necessary to give notice of the taking of affidavits on which a motion to change the venue was to be founded. That as to all matters which rested in the knowledge of the defendant, and where his affidavit would be received, as on a motion to compel the plaintiff to give security for costs, it was not necessary to give notice of the taking of affidavits.

CHIEF JUSTICE. Where the plaintiff or defendant is to state facts in his affidavit which cannot be rebutted, a notice of taking it is not necessary; but where the motion is a special one, and is to be examined upon special facts which may be inquired into, there a notice is necessary.

If there be no settled practice, it appears to me to be much the safest way to require notice of taking the affidavit, as this application is not for a matter of course.

ROSSELL, J. I should not be willing to allow the exception to this affidavit to prevail, as the practice in regard to taking them has been both ways.

FORD, J. I should be inclined to allow the present motion as the practice has been both ways; but in future I think that notice of taking the affidavits in these cases ought to be given.

After some consultation on the bench the Chief Justice said, the allowance of this application is not a mere matter of course, and the affidavit to support it must be taken upon notice. This affidavit not having been thus taken cannot be read.

Rule refused.